# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2012

No. 12-10318
Summary Calendar

Lyle W. Cayce
Clerk

JOE RAYMOND FLORES,

Plaintiff-Appellant

v.

KEVIN PRINCE, Physician Assistant-DMS Clinic for HCV; JOHN C. KEY, M.D.,  Joe Ney Unit; DEBBIE IREDELL, Registered Nurse, HS Administrator Sanders Estes Unit; AVARIAN MENDEZ, Physician Assistant Garza East Transfer Facility; GUY SMITH, Offender Grievance Officer; CORRECTIONAL MANAGED HEALTH CARE COMMITTEE; JOINT UTILIZATION REVIEW COMMITTEE; JOINT PEER COMMITTEE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2194

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joe Raymond Flores, Texas prisoner # 1069315, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint.  The district court denied his IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion and certified that the appeal was not taken in good faith.  By moving for IFP status, Flores is challenging the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Aside from conclusional allegations that he is challenging the district court's determination that the appeal was not taken in good faith, that his § 1983 case has merit, and that prison employees were and continue to be deliberately indifferent to his serious medical condition, Flores does not address the district court's reasons for its certification decision.  Flores's challenge to the district court's certification decision is therefore abandoned.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Flores has not shown that the district court's certification was incorrect. The instant appeal is without arguable merit and is thus frivolous.  Accordingly, Flores's IFP motion is denied, and his appeal is dismissed as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The district court's dismissal of Flores's complaint as frivolous and the dismissal of the instant appeal as frivolous count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Flores is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.